```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                WESTERN DISTRICT OF MISSOURI
                      WESTERN DIVISION

LARRY LEE SMITH,              )
                              )
        Plaintiff,            )
                              )
    v.                        )    Case No.
                              )    06-0280-CV-W-REL
TANYA LEE,                    )
                              )
        Defendant.            )
```

## ORDER

On April 3, 2006, plaintiff filed a motion to proceed in forma pauperis.

Section 1915, Title 28, United States Code, states in part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor.

Local Rule 83.7 states:

> In forma pauperis status may be reviewed and rescinded by the Court at any time.  Some grounds for review and recision would be if a party becomes capable of paying the complete filing fee or if the Court determines the case is frivolous, or if the Court determines that the applicant has willfully misstated information in the application for leave to proceed in forma pauperis.

Plaintiff is seeking $20,000,000 in damages from defendant Tanya Lee, an employee of the Kansas City,

Missouri, Police Department, for a violation of plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Plaintiff alleges that he was arrested for rape and defendant obtained pubic hair samples and a penis swab without a search warrant or plaintiff's consent. Although plaintiff's claim, seeking $20,000,000 in actual damages without an apparent basis for that monetary amount, appears weak for that reason, the complaint is not facially frivolous.

The Eighth Circuit has not specifically held that taking pubic hair samples without a warrant or consent is a violation of the Fourth Amendment. However, the Ninth Circuit in <u>Bouse v. Bussey</u>, 573 F.2d 548, 550 (9th Cir. 1977), held that the District Court erred in dismissing a complaint alleging circumstances similar to those alleged by plaintiff in this case. The facts of the <u>Bouse</u> case are as follows: During Bouse's incarceration as a pretrial detainee in the county jail on a charge of rape, he was taken to a small holding cell. While Bouse was in the cell, Officer Bussey demanded that Bouse give him a sample of pubic hair, apparently for the purpose of comparing the sample to hair believed to have come from the perpetrator of the rape. Bouse repeatedly refused to comply. Officer

2

Bussey, with the help of another officer, then allegedly unzipped Bouse's jail uniform and forcibly pulled a sample of pubic hair from Bouse's person. Officer Bussey had not obtained a search warrant for the sample. The district court dismissed the complaint, and the Court of Appeals reversed:

> None of the circumstances of this case justified conducting the search without a warrant. "Search warrants are ordinarily required for searches of dwellings, and, absent an emergency, no less could be required where intrusions into the human body are concerned." Schmerber v. California, 384 U.S. 757, 770 (1966). The warrantless search cannot be justified by exigent circumstances. Appellant was being held in custody pending trial, and there was no danger that the evidence sought might be destroyed before a warrant could be obtained. . . . United States v. D'Amico, 408 F.2d 331 (2d Cir. 1969), holding that investigators could clip a few strands of hair from a defendant's head while he was in custody, is not to the contrary. The court in that case concluded that no warrant was required because the intrusion was so minor that the seizure was reasonable. By contrast, the conduct alleged in this case presents an invasion into personal privacy of a different magnitude, requiring fourth amendment protection.
>
> In border crossing cases, where there is no per se requirement for a warrant to conduct a body search, we have noted that the failure to obtain a warrant is relevant to deciding whether a search was unreasonable. United States v. Cameron, 538 F.2d 254, 258 (9th Cir. 1976). We have also stated that "(a)ny body search, if it is to comport with the reasonableness standard of the fourth amendment, must be conducted with regard to the subject's privacy and be designed to minimize emotional and physical trauma." Id. These considerations are applicable here, both in determining that the intrusion constituted a search and that a

3

warrant was required. We conclude that the warrantless search and seizure, if true as alleged in Bouse's complaint, violated appellant's constitutional rights, and that the district court erred in dismissing the complaint.

In this case, the allegations in plaintiff's complaint must be considered true for purposes of this motion to proceed in forma pauperis. Based on the holding of Bouse, I find that plaintiff's complaint is not frivolous on its face.

Therefore, it is

ORDERED that plaintiff's motion to proceed in forma pauperis is granted.

        /s/ Robert E. Larsen
    ROBERT E. LARSEN
    United States Magistrate Judge

Kansas City, Missouri
April 5, 2006